UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MAX LEE ISRAEL,

    Petitioner,

v.

THE PEOPLE OF THE STATE OF CALIFORNIA, ROBERT AMBROSE, and DOLORES CARR,

    Respondents.

No. C 11-3182 PJH (PR)

**ORDER OF DISMISSAL**

This case was opened when petitioner, a prisoner at Corcoran State Prison, filed a document captioned "Writ of Error Coram Nobis on Void Judgment." He contends that the Santa Clara County Superior Court lacked jurisdiction to try him on criminal charges and impose punishment.

Petitioner was convicted in Santa Clara County Superior Court of one count of carjacking, one count of vehicle theft with a prior conviction, and one count of evading an officer with reckless driving. *People v. Israel*, 2006 WL 2925665 at *1 (Cal. App. 2006). The jury found true a special allegation that defendant was armed with a firearm when he committed the carjacking. *Id.* The court found true allegations that defendant had three strike priors for the purposes of the Three Strikes Law, two "Proposition 8" priors, four prison priors, and one prior conviction for vehicle theft. *Id.* He was sentenced to twenty-five years to life in prison. *Id.*

Because writs of habeas corpus are not available to those who are no longer in custody, the Supreme Court has held that the common law petition for writ of error coram nobis is available in one very narrow circumstance, when a petitioner has suffered a

federal criminal conviction and completed his or her sentence. *United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954). This is so even though the procedure authorizing the issuance of the writ was abolished in civil cases by Federal Rule of Civil Procedure 60(b). *Id.* District courts are therefore authorized to issue the writ in federal criminal matters pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See id.* at 506; *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989).

This petition is directed to a state court judgment, so it does not fit into the narrow niche for such petitions created by *Morgan*. *See Sinclair v. Louisiana*, 679 F.2d 513, 513-15 (5th Cir. 1982) (federal writ of coram nobis cannot be used to attack a state court judgment); *see also Madigan v. Wells*, 224 F.2d 577, 578 n.2 (9th Cir. 1955) (writ of error coram nobis can only issue to aid jurisdiction of court in which conviction was had). This case therefore is **DISMISSED**.[1] The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 5, 2011.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.11\ISRAEL3182.DSM.wpd

---

[1] The court has considered whether the petition should be treated as being for a writ of habeas corpus, and has concluded that doing so would be futile. Petitioner has a habeas case pending, *Israel v. Evans*, No. C 09-0650 PJH (PR), so if the petition were treated as being for habeas, it would have to be dismissed as second or successive.